## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER VAUGHN, on behalf of herself
and all others similarly situated,

     Plaintiff,

   vs.

PITTSBURGH FONDUE, LLC, JAMES
MATERESE, MICHAEL CHRISTOPHER
MILLSAP, and DOE DEFENDANTS 1-10,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

2:19-cv-01104-RJC

Judge Robert J. Colville

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

  Before the Court is the Motion to Dismiss, Motion to Strike, or, alternatively, Motion for Partial Summary Judgment, (ECF No. 44) filed by Defendants Pittsburgh Fondue LLC, James Materese, and Michael Christopher Millsap (collectively, "Defendants"). Defendants assert that Plaintiff Jennifer Vaughn ("Plaintiff") signed a class and collective action waiver on two separate occasions in connection with her employment with Pittsburgh Fondue, LLC,[1] and argue that, while Plaintiff can pursue her case individually, she cannot proceed with a class or collective action complaint because she has waived her right to participate in a class or collective action and has also waived her ability to serve as a class representative. Br. in Supp. 1-2; 4, ECF No. 45. This

---

[1] The "Jury & Class/Collective Action Waiver[s]" on which Defendants rely are attached to their Brief in Support (ECF No. 17) of the first Motion to Dismiss filed in this matter at (ECF No. 16) as Exhibits A and B to the Declaration of Michael Christopher Millsap, which is attached to the Brief as Exhibit 1. The Court shall cite to these one-page documents as follows: (1) with respect to the document dated July 12, 2018: "Ex. A, ECF No. 17-1"; and (2) with respect to the document dated October 26, 2018: "Ex. B, ECF No. 17-1."

Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. Defendants' Motion has been fully briefed, and is ripe for disposition.

## I.    Factual Background & Procedural History

In the operative "First Amended Class and Collective Action Complaint" ("Complaint") (ECF No. 43), Plaintiff asserts that she brings this putative class and collective action on behalf of "Tipped Employees" who work or have worked at a restaurant located in Pittsburgh, Pennsylvania operating under the trade name The Melting Pot Fondue Restaurant, which Plaintiff alleges is owned, operated, and/or otherwise managed or controlled by Defendants.  Compl. ¶ 1, ECF No. 43.  Plaintiff alleges that she was employed by Defendants as a server at their Station Square restaurant location in Pittsburgh, Pennsylvania, and that she worked at this location from in or about September 2017 to February 2018, and then again from July 2018 to April 2019.  Id. at ¶ 41. Plaintiff asserts claims arising out of Defendants' allegedly illegal pay practices, which Plaintiff avers violate the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act ("PMWA"), and Pennsylvania common law.  Id. at ¶¶ 6-15.  Plaintiff purports to bring the above-captioned action as a collective action pursuant to 29 U.S.C. §§ 207 and 216(b), and as a class action pursuant to Fed. R. Civ. P. 23 for her claims under the PMWA and Pennsylvania common law.  Id. at ¶ 95.

At this time, Defendants challenge only Plaintiff's ability to serve as a member or representative of a class or collective action.  Br. in Supp. 1-2, ECF No. 45.  Defendants aver that Plaintiff, "[a]s part of her employment documents," signed a "Jury & Class/Collective Action Waiver" on July 12, 2018 and subsequently signed another "Jury & Class/Collective Action Waiver" on October 26, 2018.  Millsap Decl. ¶¶ 9-10, ECF No. 17-1.  Defendants have submitted two substantively identical "Jury & Class/Collective Action Waiver[s]," which are dated July 12,

2018 and October 26, 2018, and which seemingly bear Plaintiff's signature.  *See* Ex. A, ECF No. 17-1; Ex. B, ECF No. 17-1.  In her Brief in Opposition, Plaintiff does not challenge, in any material respect, Defendants' assertion that Plaintiff signed the "Jury & Class/Collective Action Waiver[s]" at issue, but rather argues that the same are unenforceable, and further argues that the Court should not grant Defendants' Motion without first permitting the development of a record with respect to the execution of these documents.  *See generally* Br. in Opp'n, ECF No. 46.

The "Jury & Class/Collective Action Waiver[s]" are single-page documents that provide as follows:

Jury Waiver

Jury trails [sic] add unnecessary expense and time to a legal process that is already too expensive and slow.  Your signature below indicates that you understand that as a condition of your application or employment, any lawsuit that you may bring against Pittsburgh Fondue LLC will be decided by a judge, without a jury.  To the extent permitted by law, you are knowingly, voluntarily, and intentionally waiving any right you may have to a trail [sic] by jury in any litigation arising out of your employment with Pittsburgh Fondue LLC

Class Action and Collective Action Waiver:

Class and Collective action lawsuits have been abused recently by trial lawyers forcing American companies to pay large settlements, not because the cases have merit or because Pittsburgh Fondue LLC violated any laws, but because the suits are too expensive to litigate and the company is left with no reasonable alternative.  Class and collective action suits primarily benefit the trial lawyers and rarely accomplish any other objective.  There are more effective ways to protect your individual employment related rights than through a Class or Collective action lawsuit.  Your signature on this document indicates that you agree to waive any right you may have to be a member of a Class or Collective action lawsuit or a representative of a Class or Collective action lawsuit against Pittsburgh Fondue LLC

I hereby acknowledge and understand that as a condition of my employment:

- I am waiving my right to have a trial by jury to resolve any lawsuit related to my application or employment with Pittsburgh Fondue LLC;

- I am waiving my right to participate as a member of a Class or Collective action lawsuit and/or serve as a class representative of similarly situated employees in any lawsuit against Pittsburgh Fondue LLC

- If I have any questions or comments regarding this Waiver, I am encouraged to contact any member of the Human Resource department.

- I have the right to consult an attorney about this waiver prior to signing it.

Ex. A, ECF No. 17-1; Ex. B, ECF No. 17-1. Each of the "Jury & Class/Collective Action Waiver[s]" submitted by Defendants bears the signature of "Jennifer Vaughn" on the "Team Member Signature" line. *Id.*

Plaintiff filed her original Complaint (ECF No. 1) on August 30, 2019. A Motion to Dismiss (ECF No. 16) was filed on October 31, 2019, and this matter was eventually transferred to the undersigned on February 4, 2020. Briefing on the first Motion to Dismiss was completed on February 21, 2020. By Court Order (ECF No. 38) dated June 16, 2020, this Court dismissed the first Motion to Dismiss without prejudice and granted Plaintiff's request for a period of jurisdictional discovery. On September 14, 2020, following the completion of this period of jurisdictional discovery and upon stipulation of the parties, Plaintiff filed the operative Complaint, which removed former Defendants who were the subject of jurisdictional challenges raised in the first Motion to Dismiss. Defendants filed their Motion to Dismiss, Motion to Strike, or, alternatively, Motion for Partial Summary Judgment, along with a Brief in Support (ECF No. 45), on September 28, 2020. Plaintiff filed a Response in Opposition (ECF No. 46) on October 19, 2020, and Defendants filed their Reply (ECF No. 47) on October 26, 2020.

## II.    Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail

on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The court explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." Finally, "[w]hen there are well-pleaded factual allegations, [the] court

should assume their veracity and then determine whether they plausibly give rise
to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### III.    Discussion

Defendants assert that the "Class/Collective Action Waiver[s]" signed by Plaintiff (hereinafter referred to as the "Class/Collective Action Waiver") bar Plaintiff from participating in or serving as a representative in a collective or class action. Br. in Supp. 4, ECF No. 45. Defendants further assert that this is a threshold issue that "should now be resolved—before any class wide discovery is allowed to commence—given the significant expense associated with that effort." *Id.* at 1-2. In their Motion, Defendants request alternative forms of relief, specifically

requesting that the Court either: (1) dismiss the class and collective action claims; (2) strike the class and collective action claims; or (3) grant partial summary judgment in favor of Defendants as to these claims. *Id.* at 2 n.1.

Plaintiff argues that the Class/Collective Action Waiver is unenforceable because: (1) Plaintiff cannot waive her statutory right under the FLSA to bring a collective action, Br. in Opp'n 3-4, ECF No. 46; (2) Plaintiff's execution of the "Jury Waiver" was purportedly not knowing, voluntary, and intelligent, *id.* at 2; 5-7; (3) the Class/Collective Action Waiver is procedurally and substantively unconscionable, *id.* at 7-9; and (4) the Class/Collective Action Waiver is false and misleading, *id.* at 9-12. As noted above, Plaintiff also argues that the Court should not grant Defendants' Motion without first permitting the development of a record through discovery as to "the presentation [of], any purported time to review or negotiate, or agreement to [the Class/Collective Action Waiver]." *Id.* at 12. As to this point, Defendants argue that the record before the Court is sufficient at this time to allow for a determination as to whether the Class/Collective Action Waiver is enforceable. Reply 5-6, ECF No. 47.

### A. Waiver of the Right to Bring a Collective Action Under the FLSA

While Plaintiff argues that an employee cannot waive, under any circumstance, the right to bring a collective action under the FLSA, such an argument is inconsistent with Supreme Court precedent, as well as decisional law interpreting the FLSA. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1632 (2018) (holding that arbitration agreements containing class and collective action waivers are enforceable); *Bruno v. Wells Fargo Bank N.A.*, No. 19-CV00587-RJC, 2021 WL 1550076, at *4 (W.D. Pa. Apr. 20, 2021) ("Under [*Epic Systems*] and the FAA, 9 U.S.C. §§ 2, 3, 4, arbitration agreements with collective action waivers are presumptively valid. Therefore, absent evidence to the contrary, the agreements should be enforced."); *see also Delaney v. FTS Int'l*

*Servs., LLC*, No. 4:16-CV-662, 2017 WL 264463, at *8 (M.D. Pa. Jan. 20, 2017) ("The weight of the relevant authority discussed above supports a finding that any such right to proceed collectively under the FLSA is a procedural one subject to waiver, as long as individual employees retain the individual capacity to vindicate their rights."); *Baker v. New Prospect Co.*, No. CV 19-63, 2019 WL 3252744, at *2 (W.D. Pa. July 19, 2019) ("With respect to Plaintiff's collective and class action claims, the Court notes that it has enforced a similar class/collective action waiver in *Kubischta v. Schlumberger Tech. Corp.*, Civ. A. No. 15-1338, 2016 WL 3752917 (W.D. Pa. Jul. 14, 2016)."); *Hutchens v. Cap. One Servs., LLC*, No. 3:19cv546, 2020 WL 3053657, at *10 (E.D. Va. June 8, 2020), *motion to certify appeal granted*, No. 3:19CV546, 2020 WL 6121950 (E.D. Va. Oct. 16, 2020), *and motion to certify appeal denied*, No. 3:19CV546, 2021 WL 67201 (E.D. Va. Jan. 7, 2021) ("Essentially all but one court of appeals to have considered the waivability of a collective action procedure concur, and have found that an employee may waive their right to proceed collectively under the FLSA." (citing, inter alia, *Vilches v. Travelers Co.*, 413 F. App'x 487, 494 n.4 (3d Cir. 2011))); *id.* at *10 n.11 ("First, regardless of whether analyzed in the context of enforcing an arbitration agreement or an agreement to proceed in a solitary suit, the plain text and structure of the FLSA do not prohibit an employee from waiving his or her right to proceed in a collective action.").

In their Brief in Support, Defendants cite to and rely on the Supreme Court's decision in *Epic Systems*. *See* Br. in Supp. 5, ECF No. 45. In responding to Defendants' Motion, Plaintiff does not sufficiently address this issue in her Brief in Opposition or distinguish, in any material fashion, the present case from the case law cited above. Accordingly, the Court summarily rejects Plaintiff's argument that the Class/Collective Action Waiver at issue in this matter is per se unenforceable.

**B. The Jury Trial Waiver**

With respect to the waiver of the right to a jury trial, the United States District Court for the Eastern District of Pennsylvania has explained:

> Although the right to a jury trial is guaranteed by the Seventh Amendment to the U.S. Constitution, like all constitutional rights, it can be waived by the parties. Waiver can be either express or implied and requires only that the party waiving such right do so voluntarily and knowingly based on the facts of the case.

*First Union Nat. Bank v. United States*, 164 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (citations omitted). While Plaintiff has requested a jury trial in this matter, *see* Compl., ECF No. 43, Defendants have not raised the "Jury Waiver" executed by Plaintiff or challenged Plaintiff's request for a jury trial at this time. Accordingly, the Court agrees with Defendants, *see* Reply 1 n.1, ECF No. 47, that the issue of whether Plaintiff's waiver of her right to a jury trial was knowing and voluntary is not before the Court at this time.

**C. Unconscionability**

Plaintiff also argues that the Class/Collective Action Waiver is unconscionable, and thus unenforceable, because its terms are too one-sided to be enforced. Br. in Opp'n 7, ECF No. 46. "The contractual doctrine of unconscionability 'involves both "procedural" and "substantive" elements,' and 'requires a two-fold determination: that the contractual terms are unreasonably favorable to the drafter and that there is no meaningful choice on the part of the other party regarding acceptance of the provisions.'" *Vilches*, 413 F. App'x at 493 (quoting *Parilla v. IAP Worldwide Servs., VI, Inc.*, 368 F.3d 269, 277 (3d Cir. 2004)). "To prove unconscionability under Pennsylvania law, a party must show that the contract was both substantively and procedurally unconscionable." *Quilloin v. Tenet HealthSystem Philadelphia, Inc.*, 673 F.3d 221, 230 (3d Cir. 2012) (citing *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 119 (Pa. 2007)). With respect to procedural and substantive unconscionability, the Supreme Court of Pennsylvania has explained:

> The burden of proof generally concerning both elements has been allocated to the party challenging the agreement, and the ultimate determination of unconscionability is for the courts. Nevertheless, where material facts are disputed, for example, concerning the general commercial background underlying a challenged transaction and/or the commercial needs of a particular trade, fact finding may be necessary.

*Salley*, 925 A.2d at 119–20 (citations omitted). In examining procedural and substantive unconscionability, "the Pennsylvania Supreme Court has indicated that it might be appropriate to use a 'sliding-scale approach' so that 'where the procedural unconscionability is very high, a lesser degree of substantive unconscionability may be required' and presumably, vice-versa." *Quilloin*, 673 F.3d at 230 (quoting *Salley*, 925 A.2d at 125 n.12).

"A contract or provision is substantively unconscionable where it 'unreasonably favors the party asserting it.'" *Quilloin*, 673 F.3d at 230 (quoting *Salley*, 925 A.2d at 119)). The Third Circuit has explained that "[s]ubstantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Harris v. Green Tree Fin. Corp.*, 183 F.3d 173, 181 (3d Cir. 1999) (citing *Germantown Mfg. Co. v. Rawlinson*, 341 Pa.Super. 42, 491 A.2d 138, 145–47 (1985); *Denlinger, Inc. v. Dendler*, 415 Pa.Super. 164, 608 A.2d 1061, 1068 (1992)).

"A contract is procedurally unconscionable where 'there was a lack of meaningful choice in the acceptance of the challenged provision [.]'" *Quilloin*, 673 F.3d at 235 (quoting *Salley*, 925 A.2d at 119). Factors that courts consider "in determining whether the contract rises to the level of procedural unconscionability include: 'the take-it-or-leave-it nature of the standardized form of the document[,]' 'the parties' relative bargaining positions,' and 'the degree of economic compulsion motivating the "adhering" party[.]'" *Quilloin*, 673 F.3d at 235-36 (quoting *Salley*, 925 A.2d at 125)). The Supreme Court of Pennsylvania has explained that, "[n]evertheless, merely because a contract is one of adhesion does not render it unconscionable and unenforceable as a

matter of law." *Salley*, 925 A.2d at 127 (citing *Todd Heller, Inc. v. United Parcel Service, Inc.*, 754 A.2d 689 (Pa. Super. 2000)); *see also Williams v. Nabors Drilling USA, LP*, No. CIV.A. 13-1013, 2014 WL 710078, at *8 (W.D. Pa. Feb. 25, 2014) ("Although contracts of adhesion are often deemed to be procedurally unconscionable, more than a disparity in bargaining power is needed to show that an arbitration agreement was not willingly entered into by the parties." (citing *Quilloin*, 673 F.3d at 235)).

In asserting procedural unconscionability, Plaintiff relies on the assertion that the Class/Collective Action Waiver is a contract of adhesion because it involved an inequality in bargaining power between she and her employer and because the Class/Collective Action Waiver was given to her on a "take it or leave it" basis. Br. in Opp'n 7-8, ECF No. 46. The Court need not resolve the issue of whether the Class/Collective Action Waiver at issue is procedurally unconscionable, as Plaintiff has not sufficiently alleged or asserted a basis upon which this Court could find that the Class/Collective Action Waiver is substantively unconscionable. The only argument advanced by Plaintiff in support of her assertion that the Class/Collective Action Waiver is substantively unconscionable is that Defendants did not also waive their right to a jury trial and did not waive their purported right to bring a class or collective action against Plaintiff. *Id.* at 8-9. Initially, Plaintiff has not cited to any legal authority which stands for the proposition that, in order for a class/collective action waiver signed by an employee to be enforceable, an employer must also waive its supposed right to bring a class action or collective action against its employee. Nor has Plaintiff explained in what context Plaintiff believes that an employer could or would bring such an action.[2] Moreover, that Plaintiff has waived the ability to pursue some avenues of litigation

---

[2] Of course, a collective action under the FLSA can only be brought by an employee or employees against an employer. *See* 29 U.S.C.A. § 216(b) ("An action to recover the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one

that Defendants have not waived is not alone sufficient to render the Class/Collective Action Waiver at issue unconscionable.[3] *See Harris*, 183 F.3d at 183 ("[T]he mere fact that [defendant] retains the option to litigate some issues in court, while the [plaintiffs] must arbitrate all claims does not make the arbitration agreement unenforceable.").

In asserting substantive unconscionability, Plaintiff relies on *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191 (3d. Cir. 2010), a case that is materially distinguishable from the instant matter. *Nino* involved an arbitration agreement that: (1) required the plaintiff employee to "file a grievance within five days of the complained-of incident in order to preserve his or her opportunity to arbitrate"; (2) required agreement of both parties to extend that five-day filing requirement, thus preventing the plaintiff employee from invoking the continuing violation and tolling doctrines; (3) imposed no notice requirement or risk of default on the defendant employer; (4) restricted the arbitrator's ability to award attorney's fees, costs, and expenses; and (5) permitted defendant employer to strike two arbitrators from the four-member arbitration panel, whereas the plaintiff employee was permitted to strike only one arbitrator. *Nino*, 609 F.3d at 202-204. Plaintiff does not assert, and the Class/Collective Action Waiver submitted by Defendants does not indicate, that any of the above-cited terms which rendered the arbitration agreement in *Nino* substantively unconscionable are present in the Class/Collective Action Waiver signed by Plaintiff.

The Court further notes that Plaintiff's interest in obtaining or maintaining employment and/or the inequality in bargaining power inherent in employment agreements are insufficient to establish substantive unconscionability. *See Vilches*, 413 F. App'x at 493–94 ("Echoing virtually

_____

or more employees for and in behalf of himself or themselves and other employees similarly situated."). Accordingly, any promise on an employer's part not to bring a collective action would be meaningless.

[3] So long as Plaintiff maintains her ability to vindicate her rights individually, and Plaintiff has not asserted that the Class/Collective Action Waiver deprives her of that ability. *See Delaney*, 2017 WL 264463, at *8 ("The weight of the relevant authority discussed above supports a finding that any such right to proceed collectively under the FLSA is a procedural one subject to waiver, as long as individual employees retain the individual capacity to vindicate their rights.")

every court to consider' 'the adhesive effect of arbitration provisions in [ ] employment agreements,' [*Martindale v. Sandvik, Inc.*, 173 N.J. 76, 800 A.2d 872, 880 (2002)], we similarly held that '[u]nequal bargaining power is not alone enough to make an agreement to arbitrate a contract of adhesion,' *Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 184 (3d Cir.1998), *overruled on other grounds by Green Tree Fin. Corp. Ala. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000). [plaintiffs] only demonstrated their position relative to [defendant] and their interest in maintaining employment, which is insufficient on its own to prove that the class arbitration waiver is unreasonably favorable to Travelers. As such, we conclude that the waiver is not substantively oppressive and unconscionable.").

In light of the above, the Court finds that Plaintiff has not set forth a sufficient basis upon which the Court could find, with or without the benefit of a record, that the Class/Collective Action Waiver is substantively unconscionable. Accordingly, the Court need not determine whether the Class/Collective Action Waiver is procedurally unconscionable at this time. *See Williams*, 2014 WL 710078, at *8 ("Even under the 'sliding-scale approach' that the Pennsylvania Supreme Court suggested might apply where a party's showing on one kind of unconscionability is significantly less than on the other kind of unconscionability, there still must be some threshold showing on both kinds of unconscionability. Here, because the Employees failed to show substantive unconscionability, procedural unconscionability is irrelevant." (citations omitted)).

### D.  Whether the Class/Collective Action Waiver is False and Misleading

Plaintiff further argues that the Class/Collective Action Waiver is unenforceable because it contains "patently false, misleading, incendiary[,] and superfluous statements regarding Plaintiff's potential participation in . . . a class or collective action." Br. in Opp'n 9, ECF No. 46. Generally speaking, "an innocent party can void a contract induced by fraud." *Freeman v. Pittsburgh Glass Works, LLC*, 709 F.3d 240, 256 (3d Cir. 2013) (citing *In Re Allegheny Int'l*, 954

F.2d 167, 178 (3d Cir. 1992)).  With respect to whether a contract is unenforceable due to a

fraudulent misrepresentation, the Supreme Court of Pennsylvania has explained:

> The elements of fraudulent misrepresentation are well settled.  In order to void a
> contract due to a fraudulent misrepresentation, the party alleging fraud must prove,
> by clear and convincing evidence: (1) a representation; (2) which is material to the
> transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness
> as to whether it is true or false; (4) with the intent of misleading another into relying
> on it; (5) justifiable reliance on the misrepresentation; and (6) resulting injury
> proximately caused by the reliance.  *Bortz v. Noon*, 556 Pa. 489, 499, 729 A.2d 555,
> 560 (1999); *Gibbs v. Ernst*, 538 Pa. 193, 207, 647 A.2d 882, 889 (1994).  All of
> these elements must be present to warrant the extreme sanction of voiding the
> contract.

*Porreco v. Porreco*, 811 A.2d 566, 570–71 (Pa. 2002).

Plaintiff takes issue with the following statements set forth in the Class/Collective Action

Waiver:

> Class and Collective action lawsuits have been abused recently by trial lawyers
> forcing American companies to pay large settlements, not because the cases have
> merit or because Pittsburgh Fondue LLC violated any laws, but because the suits
> are too expensive to litigate and the company is left with no reasonable alternative.
> Class and collective action suits primarily benefit the trial lawyers and rarely
> accomplish any other objective.  There are more effective ways to protect your
> individual employment related rights than through a Class or Collective action
> lawsuit.

*Id*.  These statements are unnecessary, ill-advised,[4] and unfortunate assertions of subjective

opinion.  Problematically, they are stated as though they are unassailable fact.  Most concerning,

they unfairly target class or collective action attorneys, procedural rights conveyed to individuals

by the legislature, the Federal Rules of Civil Procedure, the work of the judiciary, and the litigation

process generally.[5]  They further purport to offer highly questionable legal advice to the employees

---

[4] Indeed, given the Court's holdings above, the Court's analysis would be at an end at this juncture if these three
sentences were not included in the Class/Collective Action Waiver.  The inclusion of these sentences alone results in
the necessity of additional review prior to enforcement of the Class/Collective Action Waiver.

[5] This is not to mention the clear disdain for jury trials, a foundation of the United States legal system and a right
conveyed to individuals by the United States Constitution, expressed in the "Jury Waiver."  *See* Ex. A, ECF No. 17-
1; Ex. B, ECF No. 17-1 ("Jury trails [sic] add unnecessary expense and time to a legal process that is already too
expensive and slow.").

who are asked to waive their right to participate in class and collective actions. *See* Ex. A, ECF No. 17-1; Ex. B, ECF No. 17-1 ("There are more effective ways to protect your individual employment related rights than through a Class or Collective action lawsuit.").

In order for Plaintiff to successfully void the Class/Collective Action Waiver on the basis of a fraudulent misrepresentation, however, Plaintiff must establish, with respect to at least one of the statements with which she takes issue, each of six of the elements set forth above by clear and convincing evidence. The Court finds that, in the present action, Plaintiff cannot prove, and has not set forth a sufficient basis on which this Court could find, with or without the benefit of a record, that the statements at issue were "made falsely." While the Court has expressed its general reservations as to some of the language utilized in the Class/Collective Action Waiver, it also finds that the statements at issue are, very plainly, general and vague statements of Defendants' subjective opinion respecting class and collective action litigation.

"A misrepresentation is an 'assertion not in accordance with the facts.'" *R & R Cap., LLC v. Merritt*, 632 F. Supp. 2d 462, 479 (E.D. Pa. 2009), *aff'd*, 426 F. App'x 85 (3d Cir. 2011) (quoting *Coll. Watercolor Grp., Inc. v. William H. Newbauer, Inc.*, 360 A.2d 200, 206 (Pa. 1976)). The Supreme Court has explained that "a sincere statement of pure opinion is not an 'untrue statement of material fact,' regardless whether an investor can ultimately prove the belief wrong." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 186 (2015). In *Omnicare*, the Supreme Court also held, however, that an opinion statement can, in certain circumstances, constitute a false statement under the securities laws. *See Omnicare*, 575 U.S. at 183-195; *see also Howard v. Arconic Inc.*, No. 2:17-CV-1057, 2021 WL 2561895, at *7 (W.D. Pa. June 23, 2021) ("To adequately allege that an opinion statement is false or misleading, a plaintiff must plead facts that, if true, would be sufficient to show that the opinion statement

'constitutes a factual misstatement' or is rendered misleading by the omission of material facts about the 'inquiry into or knowledge concerning' the statement, if those facts 'conflict with what a reasonable investor would take from the statement itself.'" (quoting *Omnicare*, 575 U.S. at 189)); *In re Prudential Fin., Inc. Sec. Litig.*, No. 219CV20839SRCCLW, 2020 WL 7706860, at *8 (D.N.J. Dec. 29, 2020) ("In [*Omnicare*], the Supreme Court held that an opinion statement may give rise to liability under the securities laws if it is not believed by the speaker and contains an embedded assertion of incorrect facts. Alternatively, an opinion statement may be actionable if the speaker omits facts concerning the basis for the opinion and 'those facts conflict with what a reasonable investor would take from the statement itself.'" (internal citations omitted) (quoting *Omnicare*, 575 U.S. at 189)); *United States v. Care Alternatives*, 952 F.3d 89, 95 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1371 (2021) (the Third Circuit addressing a claim under the False Claims Act and explaining that, "[u]nder the common law, an opinion can be considered 'false' for purposes of liability." (citations omitted)).[6]

District courts considering subjective statements of opinion similar to those at issue in this case have found the same to be non-actionable. *Rogers v. Gentex Corp.*, No. 3:16-CV-00137, 2018 WL 1370611, at *5 (M.D. Pa. Mar. 16, 2018) ("These personal opinions, couched in qualifying language such as Mr. Adkins' statement that he 'did not think the books were officially closed' or Ms. Acker's statement that 'at this point [she] never expect[s] or take[s] anything for granted [with respect to bonuses]', do not amount to misrepresentations of fact."); *Moore v.*

---

[6] In *United States v. Care Alternatives*, the Third Circuit also explained that the falsity and scienter elements of an FCA claim are distinct, and held that, under the FCA, a claim can be proven either factually false, where the facts set forth in the claim are untrue, or legally false. Legal falsity has not been raised and is not applicable in this matter. *See Care Alternatives*, 952 F.3d at 99–100 ("As previously articulated, limiting falsity to factual falsity is inconsistent with our case law, which reads FCA falsity more broadly as legal falsity, encompassing circumstances where a claim for reimbursement is non-compliant with requirements under the statute and regulations.").

*Thomson Reuters (GRC) Inc.*, No. 17 CIV. 0211 (LGS), 2017 WL 4083582, at \*6 (S.D.N.Y. Sept. 14, 2017) ("Second, the Amended Complaint does not cure the deficiencies of the fraud-related claims. Defendant's alleged misrepresentations that relocation would be a 'great opportunity' and in Plaintiff's 'best interest' are non-actionable statements of subjective opinion."); *Mills-Williams v. Mapp*, 67 V.I. 574, 588 (2017) ("Here, Henderson's statements that the Mapp administration 'was going to be unlike other administrations,' would be 'ethical,' and 'do all actions by the book' are unquestionably 'opinions representing subjective viewpoints that cannot be proved false.'" (quoting *Simpson v. Andrew L. Capdeville, P.C.*, 64 V.I. 477, 488 (V.I. 2016))).

In the present action, Plaintiff asserts that the statements at issue in the Class/Collective Action Waiver are demonstrably false. Br. in Opp'n 11, ECF No. 46. The Class/Collective Action Waiver generally asserts a few supposed shortcomings of class and collective action litigation, and further advises that there are "more effective ways" for an employee to protect their individual employment-related rights. Ex. A, ECF No. 17-1; Ex. B, ECF No. 17-1. Though Plaintiff takes issue with these statements, and, given the procedural posture of the present action, likely now maintains an entirely different opinion as to class and collective action litigation than that expressed in the Class/Collective Action Waiver, this Court finds that Plaintiff cannot, as she contends, establish that the statements at issue are "demonstrably false." Initially, Plaintiff has not set forth a clear expression of how Plaintiff intends to prove that these statements of opinion are false. Nor has Plaintiff cited to any case law (and this Court's independent research has not uncovered case law) wherein a court has determined that a class or collective action waiver was rendered unenforceable due to the inclusion of similar language.

Further, looking to each statement individually, the Court is constrained to conclude that these statements of opinion simply cannot be affirmatively proven definitively false in this context.

First, with respect to the Class/Collective Action Waiver's statement respecting abuse of the class and collective action process to encourage the payment of settlements, several courts have recognized the potential for such abuse. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) ("One [danger presented by collective actions] is the opportunity for abuse of the collective-action device: plaintiffs may wield the collective-action format for settlement leverage. Generally speaking, expanding the litigation with additional plaintiffs increases pressure to settle, no matter the action's merits." (citations omitted)); *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 435 (5th Cir. 2021) ("But collective actions also pose dangers: (1) the opportunity for abuse (by intensifying settlement pressure no matter how meritorious the action) . . . ." (citing *Bigger*, 947 F.3d at 1049)).

While the Court in no way endorses the broad and sweeping assertion set forth in the Class/Collective Action Waiver respecting such abuse, it also finds that the statement cannot form the basis of an assertion of fraudulent misrepresentation in this matter. Plaintiff would be required to prove, by clear and convincing evidence, that no such abuse takes place, or has recently taken place, in order to prove the falsity of this statement and thus void the Class/Collective Action Waiver. Given the acknowledgement of other courts of the potential for such abuse, Plaintiff's failure to propose any method for disproving such a statement, and the reality that Plaintiff, to successfully disprove this statement, would essentially be required to prove that there has been no abuse of class or collective action lawsuits by trial lawyers, the Court finds that the Class/Collective Actions Waiver's statement respecting abuse of class and collective action lawsuits is simply not actionable fraud and cannot void the Class/Collective Action Waiver.

Further, the statement that "[c]lass and collective action suits primarily benefit the trial lawyers and rarely accomplish any other objective" is so broad, vague, and subjective that it cannot

serve as the basis for an assertion of a fraudulent misrepresentation in this matter. Initially, the terms "primarily" and "rarely" are entirely subjective, and without further elaboration cannot possibly convey sufficient statements of fact regarding the respective "benefits" to a trial lawyer and an individual employee in the class and collective action litigation context. Both the Federal Rules of Civil Procedure and the FLSA allow for the recovery of attorney's fees and costs in class and collective actions, *see* Fed. R. Civ. P. 23(h); 29 U.S.C.A. § 216(b),[7] and such fees may exceed that of the individual class or collective member.[8] Further, the question of what constitutes a "benefit" or "objective" to any individual employee who is faced with the choice of pursuing their claims via a collective/class action or an individual action implicates other individualized and subjective litigation preferences such that the Court simply could not find that the "primarily benefit" statement constitutes actionable fraud. Again, Plaintiff offers no roadmap as to how she intends to prove this statement false, and the Court finds that the broad and subjective nature of the statement establishes that she cannot do so in this matter.

The Court, of course, recognizes that there are substantial bases upon which to conclude that there do exist objective benefits to class and collective action litigation in the employment context. *See Epic*, 138 S. Ct. at 1640 (Ginsburg, J., dissenting) ("Forced to face their employers without company, employees ordinarily are no match for the enterprise that hires them. Employees gain strength, however, if they can deal with their employers in numbers."); *see also Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) ("The twin goals of collective actions are

---

[7] Fees are recoverable under the FLSA whether the action is brought individually or on behalf of a collective. *See* 29 U.S.C.A. § 216(b).

[8] The Court does not suggest that class or collective action settlements, each of which requires court review for fairness, *see Kapolka v. Anchor Drilling Fluids USA, LLC*, No. 2:18-CV-01007-NR, 2019 WL 5394751, at *1 (W.D. Pa. Oct. 22, 2019); *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975), can in any way be unfair to settling plaintiffs. The Court merely notes that the perceived "benefit" to any individual plaintiff who participates in a class or collective action is entirely subjective, especially considering that not all class and collective actions are successful or result in settlement.

enforcement and efficiency: enforcement of the FLSA, by preventing violations of the overtime-pay requirements and by enabling employees to pool resources when seeking redress for violations; and efficiency in the resolution of disputes, by resolving in a single action common issues arising from the same alleged illegal activity." (citing *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170–7 (1989))); *Hutchens*, 2020 WL 3053657, at *15 ("No doubt exists that the collective action procedure provides a useful tool in vindicating Plaintiffs' rights."). For the reasons discussed above, however, the Court cannot find that Plaintiff has set forth a basis on which the Court could possibly find that the vague, broad, and subjective statement of opinion at issue is demonstrably false, and thus cannot find that such a statement can void the Class/Collective Action Waiver.

Finally, the Class/Collective Action Waiver's statement that "[t]here are more effective ways to protect your individual employment related rights than through a Class or Collective action lawsuit" is also so subjective and broad that it cannot possibly be proven false in this matter. The term "more effective" is inherently vague and subjective, and this statement as a whole, like that involving the relative benefit to trial lawyers and individual class members, again implicates the subjective preferences of individual employees in choosing their method of litigation. Because the statement is so broad, the same would require this Court to find that collective or class actions are always the superior method of adjudicating disputes in the present context, while disregarding the fact that individual actions may be brought under state law and the FLSA with respect to the allegations set forth in Plaintiff's Complaint.[9] The Court again finds that this statement is one of subjective opinion that cannot constitute a fraudulent misrepresentation in the present matter.

---

[9] Rule 23(b)(3) provides that a class action can be maintained, inter alia, only where "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This "superiority" requirement requires the Court to consider "the class members' interests in

The Court reiterates that it in no way endorses or encourages the use of the language utilized in the Class/Collective Action Waiver.  However, under the circumstances presented in this case, the Court finds that such language does not render the Class/Collective Action Waiver unenforceable.  The Court finds that the statements at issue are statements of subjective opinion and simply cannot be proven "false" in the present context, and that Plaintiff thus cannot void the Class/Collective Action Waiver on the basis of a fraudulent misrepresentation.

### E.  The Necessity of Discovery

As noted above, the Court finds that Plaintiff has not set forth or alleged a sufficient basis upon which this Court could find that the Class/Collective Action Waiver is unenforceable, even if each of Plaintiff's factual assertions set forth in her Complaint and Brief in Opposition are taken as true and viewed in a light most favorable to Plaintiff.  In light of this finding, the Court holds that discovery is not necessary prior to the Court ruling on Defendants' Motion to Dismiss.

## IV.  Conclusion

For the reasons discussed above, the Court finds that Plaintiff executed an enforceable class and collective action waiver, and that Plaintiff thus cannot  proceed with a class or collective action complaint or state a plausible class or collective action claim against Defendants because she waived her right to participate in a class or collective action and has also waived her ability to serve as a class representative with respect to the present lawsuit.  The Court will thus grant Defendants' Motion in part.  Specifically, the Court will dismiss Plaintiff's class and collective action claims with prejudice in this matter, as amendment would be futile with respect to such

---

individually controlling litigation, the extent and nature of any litigation, the desirability or undesirability of concentrating the litigation, and the likely difficulties in managing a class action." *Tumpa v. IOC-PA, LLC*, No. 3:18-CV-112, 2021 WL 62144, at *6 (W.D. Pa. Jan. 7, 2021) (quoting *In re NFL Players Concussion Injury Litig.*, 821 F.3d 410, 435 (3d Cir. 2016)).  The existence of the "superiority" requirement alone is likely sufficient to establish that a class action is not, in every circumstance, the most preferable method for adjudicating controversies such as the one at issue.

claims. As Defendants have not challenged Plaintiff's individual claims, the same shall not be disturbed by this Memorandum Opinion or its accompanying Order of Court. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: July 14, 2021

cc/ecf: All counsel of record