IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER VAUGHN, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PITTSBURGH FONDUE, LLC; JAMES MATERESE; MICHAEL CHRISTOPHER MILLSAP; AND DOE DEFENDANTS 1-10,<br><br>    Defendants. | Case No. 2:19-cv-01104-RJC |

**UNOPPOSED MOTION FOR APPROVAL OF INDIVIDUAL FLSA SETTLEMENT**

Plaintiff, Jennifer Vaughn, by and through her respective counsel, seeks the Court's approval of the settlement of claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* In support of the motion, Plaintiff states as follows:

1. On September 14, 2020, Plaintiff filed her First Amended Complaint (" FAC"), the operative complaint in this matter, alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et. Seq.*, Pennsylvania Minimum Wage Act ("PMWA") 43 P.S. § 333.101 *et seq.*, and engaged in unjust enrichment under Pennsylvania common law for failing to pay minimum wage compensation. Specifically, Plaintiff claims that Defendants: (i) failed to satisfy the notice requirements of the tip credit provisions in federal and state law; (ii) failed to ensure Tipped Employees earned the mandated minimum wage when taking the tip credit; and (iii) paid Plaintiff and other Tipped Employees the tipped wage during periods when these employees could not earn tips (e.g., before the restaurant opened/after it closed to the public). *See* ECF 43.

2. The parties engaged in substantial informal discovery, including the exchange of initial disclosures and a number of documents.

3. Defendants moved to dismiss Plaintiff's FAC on September 28, 2020. *See* ECF No. 44. On July 14, 2021, Defendants' motion was granted as to Plaintiff's class or collective action claims, and allowing the matter to proceed as an individual action by Plaintiff. *See* ECF Nos. 48 (Memorandum Opinion), 49 (Order). The Defendants filed their Answer to Plaintiff's Complaint on August 4, 2021, in which they denied any liability to the Plaintiff, contending that Plaintiff was not owed minimum wage compensation as she was properly notified of the tip credit provisions and was properly compensated at all times. *See* ECF 50.

4. On October 12, 2021, the parties reached an agreement to resolve all claims in this matter. *See* ECF No 56.

5. Further, the parties worked together to draft an agreement to effectuate the settlement of claims which the parties signed on November 12, 2021.

6. Per the Court's November 29, 2021 Order, ECF No. 62, Plaintiff submits this unopposed motion to approve the settlement.

7. When considering whether to approve a proposed settlement of an FLSA claim, a district court must determine that: (1) the settlement involves a bona fide dispute (2) the settlement is fair and reasonable to the plaintiff-employee; and (3) the settlement does not frustrate implementation of the FLSA in the workplace. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).

8. This lawsuit involves a bona fide employment dispute as to both the Defendants' liability and the Plaintiff's damages under the FLSA and PMWA. Plaintiff alleged that Defendants failed to satisfy the notice requirements of the tip credit provisions of the FLSA and PMWA, failed

to ensure that Plaintiff earned the mandated minimum wage, and paid her at the tipped wage rate during periods when she could not earn tips, such as "side work" performed outside of customer service hours. Defendants deny these allegations and maintain that restaurants' employees, including Plaintiff, were properly notified of the tip credit provisions and paid correctly at all times.

9. The terms memorialized in the Settlement Agreement attached as **Exhibit A** are fair and reasonable. In this lawsuit, Plaintiff asserts claims for unpaid minimum wages under the FLSA and PMWA. This settlement represents a near full recovery of possible damages for the Plaintiff, a result which is significant in light of the risks that Plaintiff faces in establishing both liability and damages in this case. Plaintiff's counsel is experienced with wage and hour cases and understands the risks involved in demonstrating an employer's deficient tip credit notification procedures under the FLSA as well as employer liability for failure to ensure Tipped Employees were paid at least minimum wage for all hours worked.

10. Finally, neither the settlement nor the Settlement Agreement frustrate the implementation of the FLSA and PMWA in the workplace. The final agreement was reached after a substantial investigation by Plaintiff's counsel both before and after the lawsuit was filed. Further, the terms of the settlement, including the settlement amount, was the result of arms' length negotiations. The agreement is a true compromise on both sides and the result achieved by the parties advances the purposes of the FLSA and PMWA.

11. Plaintiff has reviewed and fully understands the terms of the Settlement Agreement, including the settlement amount and release of all claims.

12. The Parties have determined that Plaintiff's maximum back pay damages total roughly $5,700.00.

13. The total settlement equals $12,500. From this, $5,000 will be paid to the Plaintiff, and $7,500 will be paid to Plaintiff's counsel.

14. The $7,500 represents a significant discount from Plaintiff's counsel's total lodestar for this case.

15. Plaintiff fully supports this settlement agreement.

16. The complexity, expense, and likely duration of further litigation, the risk for Plaintiff of recovering nothing at all, and the parties' analysis of the potential damages all support the conclusion that the Settlement Agreement is fair and reasonable.

WHEREFORE, the parties request that the Court grant their motion and find that the Settlement Agreement reached by the parties represents a fair, reasonable, and adequate resolution of the Plaintiff's claims under the FLSA and PMWA. A proposed order to that effect is attached.

Dated: December 14, 2021

Respectfully submitted,

*/s/ Christopher L. Nickels*
Otto W. Immel (PA ID# 65269)
otto.immel@quarles.com
**QUARLES & BRADY LLP**
1395 Panther Lane Suite 300
Naples, FL 34109
239.659.5041

Christopher L. Nickels (PA ID# 201419)
christopher.nickels@quarles.com
**QUARLES & BRADY LLP**
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
414.277.5519

*Counsel for Defendants*

*/s/ Elizabeth Pollock-Avery*
Edwin J. Kilpela
Elizabeth Pollock-Avery
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243
(412) 231-0246 (Facsimile)
ekilpela@lcllp.com
elizabeth@lcllp.com

*Counsel for Plaintiff*